UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON J. WHITMAN,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE ARMY,<br><br>　　　　　　　　Defendant. | Civil Action No. 1:21-cv-03163 (ACR) |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court in this *pro se* Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, lawsuit are three Motions filed by Plaintiff Aaron Whitman: (1) Plaintiff's Motion for Reconsideration ("Mot. I"), Dkt. 26; Plaintiff's Motion for Leave to Amend ("Mot. II"), Dkt. 28; and Plaintiff's Motion for Discovery ("Mot. III"), Dkt. 29.  For the reasons explained below, the Court denies Plaintiff's three motions.

**I. BACKGROUND**

On November 29, 2021, Plaintiff filed a Complaint against Defendant Department of the Army requesting five categories of internal and external communications in which he is the subject.  *See* Dkt. 1; Dkt. 1-1.  On October 24, 2022, Plaintiff filed his first Motion for Leave to Amend, Dkt. 18, which the Court granted on November 1, 2022.  Nov. 1, 2022, Minute Order. On January 18, 2023, because Plaintiff had yet to file his amended complaint, Defendant filed a Motion for Plaintiff to Show Cause, Dkt. 20.  On January 19, 2023, the Court directed Plaintiff to file his amended complaint by February 24, 2023, or risk dismissal without prejudice for failure

1

to prosecute under Federal Rule of Civil Procedure 41(b) and Local Civil Rule 83.23.  Jan. 19, 2023, Minute Order.

On February 21, 2023, Plaintiff filed his First Amended Complaint.  Dkt. 21.  In the First Amended Complaint, Plaintiff sought to add several individually named government officials as defendants and requested records of proceedings, communications, documents, and notes from the Army Review Boards Agency and the Army Clemency and Parole Board.  *Id.* at 1.  On March 1, 2023, the Court dismissed with prejudice the claims against the several individually named government officials because the FOIA authorizes suit only against federal agencies.  *See* Dkt. 22 at 1 (citing cases).  Apart from those dismissals, the First Amended Complaint otherwise remains operative.

The Court then entered a briefing schedule, directing Defendant to file its Motion for Summary Judgment by April 4, 2023; Plaintiff to file an Opposition by June 6, 2023; and Defendant to file any Reply by June 20, 2023.  *See id*. at 2.  Defendant answered on March 8, 2023, Dkt. 23, and moved for summary judgment on March 31, 2023, Dkt. 24.  The Court entered an order advising Plaintiff of his obligation to respond to that motion by June 6, 2023.  *See* Dkt. 25.

On April 3, 2023, Plaintiff filed the pending Motion for Reconsideration.  *See* Mot. I.  On April 24, 2023, he filed the pending Motion for Leave to Amend, *see* Mot II, and two days later, he filed the pending Motion for Discovery, *see* Mot. III.  The Court will address each motion in turn.

## II. DISCUSSION

### A. Plaintiff's Motion for Reconsideration

Motions for reconsideration are often made, but rarely granted. To avoid constant re-litigation of issues decided, such motions are "disfavored" and "granting . . . such a motion is an unusual measure, occurring in extraordinary circumstances." *Cornish v. Dudas*, 813 F. Supp. 2d 147, 148 (D.D.C. 2011) (cleaned up); *see also Wright v. FBI*, 598 F. Supp. 2d 76, 77 (D.D.C. 2009). "The decision to grant or deny a [R]ule 60(b) motion is committed to the discretion of the District Court." *Kareem v. FDIC*, 811 F. Supp. 2d 279, 282 (D.D.C. 2011) (cleaned up).

Plaintiff moves for reconsideration of the Court's March 1, 2023, Order. He argues that he intended to file suit against the individual defendants in their official, not individual, capacities and that he "intended to name the Agency itself." *See* Mot. I at 1–2. But he has not identified a justification under Federal Rule of Civil Procedure 60(b), or under any other authority, to vacate the Court's dismissal of the individual defendants. The FOIA does not authorize suit against individuals in *any* capacity. *See* 5 U.S.C. §§ 551(1), 552(a); *see also Prison Legal News v. Lappin*, 436 F. Supp. 2d 17, 21 (D.D.C. 2006) (collecting cases).[1] Thus, the Court declines to reinstate the claims against the dismissed individual defendants.[2]

---

[1] Further, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity," *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996), and here, Plaintiff has already sued the relevant entity—the Department of the Army.

[2] Within the Motion for Reconsideration, Plaintiff also requests leave to amend the First Amended Complaint. *See* Mot. I at 1–2; *see also* Dkt. 26-1 (Proposed Second Amended Complaint), ECF No. 26-1. Although it is hard to pinpoint the substantive changes in his newly proposed pleading, it appears Plaintiff seeks to revive the claims against the dismissed individual defendants, *see* Mot. I at 1–2, and as explained above, such relief must be denied. Leave to amend a complaint will not be granted when, as here, such amendment would be futile. *See Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999).

### B. Plaintiff's Motion for Leave to Amend

Plaintiff also seeks to add "multiple" new claims under the Privacy Act, 5 U.S.C. § 552a, against the Army, *vis-à-vis* the Commandant of the U.S. Disciplinary Barracks of the U.S. Combined Arms Center at Fort Leavenworth, *see* Mot. II at 1; ECF No. 28-1 (Proposed Third Amended Complaint) at 2.  The Court denies Plaintiff's Motion for Leave to Amend for the following reasons.

*First*, the Proposed Third Amended Complaint disregards Local Civil Rules 7(i) and 15.1.  *See* Dkt. 28-1.  As a standalone pleading, it incorporates none of the preexisting FOIA claims.  It appears Plaintiff intends to litigate multiple complaints or otherwise expects the Court to independently discern the claims that he intends to bring.  And although "a *pro se* litigant must of course be given fair and equal treatment, he cannot generally be permitted to shift the burden of litigating his case to the courts."  *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1983).

*Second*, Plaintiff attempts to raise new claims challenging the responses to several of Plaintiff's internal prison communications, which he construes as Privacy Act requests.  *See* Mot. II at 1; Dkt. 28-1.  These communications were sent between eight and fifteen months after he filed his complaint.  *See id.* at 2–6.  Courts in this District have "repeatedly rejected requests by FOIA litigants to add additional claims that would alter the scope and nature of a previously straightforward FOIA dispute."  *Scarlett v. Off. of the Insp. Gen.*, 2022 WL 111236, at *3 (D.D.C. Jan. 10, 2022) (cleaned up) (citing cases).  Plaintiff's complaint is not the legal equivalent of a LEGO set, something to be recreated each time he corresponds with the agency or submits another FOIA or Privacy Act request.  Further, allowing additional amendment at this

late juncture prejudice the Defendant—which filed and briefed its pending Motion for Summary Judgment based on the First Amended Complaint—and contrary to judicial efficiency.

*Third*, Plaintiff apparently has failed to administratively exhaust his Privacy Act claims. *See* Dkt. 30, at 5–6 (Defendant's Opposition). According to Plaintiff's own exhibits, Fort Leavenworth staff instructed him to submit a formal request to inspect the records. *See* Dkt. 28-1 at 2–3, 5–6. There is no indication Plaintiff complied with these directives. This is a failure to exhaust his administrative remedies. *See Powell v. IRS*, 255 F. Supp. 3d 33, 42 (D.D.C. 2017) (citing cases and holding that non-compliance with an agency's Privacy Act regulations is a failure to exhaust). That failure strips the Court of jurisdiction because exhaustion is required by statute. *See Barouch v. Dep't of Justice*, 962 F. Supp. 2d 30, 67 (D.D.C. 2013) (citing 5 U.S.C. §§ 552a(d)(1)–(3), (g)(1)(B), and cases). Therefore, granting Plaintiff leave to add the proposed Privacy Act claims would be futile. *See Richardson*, 193 F.3d at 548–49.

*Fourth*, Plaintiff also seeks to join the Commandant at Fort Leavenworth as a defendant in his official capacity. *See* Mot. II at 1. But, once again, this addition is not cognizable. Like the FOIA, the Privacy Act "does not authorize claims against individuals." *Earle v. Holder*, 815 F. Supp. 2d 176, 180 (D.D.C. 2011) (collecting cases), *aff'd*, 2012 WL 1450574 (D.C. Cir. Apr. 20, 2012); *see also* 5 U.S.C. § 552a(g)(1) (authorizing suit against an agency only).

### C.  Plaintiff's Motion for Discovery

Plaintiff moves for discovery to compel Defendant to produce the material that he has requested through "multiple [FOIA and Privacy Act] requests, on several occasions, requesting the investigation, reporting, findings, copies of documentation[ or] records of the plaintiff's Prison Rape Elimination Act (PREA) complaint from the Army Review Boards Agency." Mot. III at 1. In support, Plaintiff attaches exhibits purporting to constitute these "multiple requests."

*See* Dkt. 29-1.  Some of these "requests" are referenced in the First Amended Complaint.  Many are not.  *See id*.

As already determined, the Court denies Plaintiff leave to amend the First Amended Complaint, and Plaintiff may not otherwise expand the scope of this case to include new and additional FOIA or Privacy Act requests.  Therefore, he is not entitled to the discovery of those added requests.  To the extent that Plaintiff's motion relates to the FOIA requests already before the Court, his request is redundant.  Plaintiff has already demanded the release of the records that he seeks by filing this FOIA lawsuit.

In any event, at this stage in the proceedings, discovery is unnecessary and would be premature.  "Discovery in FOIA cases is the exception, and it is generally limited to cases in which factual disputes persist . . . ."  *Cole v. Rochford*, 285 F. Supp. 3d 73, 77 (D.D.C. 2018); *see also Baker & Hostetler LLP v. U.S. Dep't of Com.*, 473 F.3d 312, 318 (D.C. Cir. 2006).  Defendant's Motion for Summary Judgment is pending, and Plaintiff has yet to file his Opposition.[3]  Therefore, until the Court can review the parties' briefing in full, the Court does not yet have "sufficient information to determine whether a genuine factual dispute exists or whether [the plaintiff] requires additional facts essential to oppose the government's motion."  *Cole*, 285 F. Supp. 3d at 78.  Should this matter survive summary judgment, the Court may reconsider the need for discovery.

---

[3] The Court notes that the proper means for requesting discovery in opposition to summary judgment is to file a motion under Federal Rule of Civil Procedure 56(d).  *See* Fed. R. Civ. P. 56(d).  "While discovery in FOIA cases under Rule 56(d) is occasionally permitted, it is typically proper only when a plaintiff has raised a sufficient concern of bad faith by a defendant government agency."  *Chelmowski v. United States*, 2021 WL 3077558, at *6 (D.D.C. July 21, 2021), *aff'd*, 2022 WL 11337053 (D.C. Cir. Oct. 17, 2022).

```
```

## IV.  CONCLUSION AND ORDER

For these reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration, Dkt. 26; Plaintiff's Motion for Leave to Amend, Dkt. 28; and Plaintiff's Motion for Discovery, Dkt. 29.

It is further **ORDERED** that the existing briefing schedule governing Defendant's pending Motion for Summary Judgment, entered by this Court on March 1, 2023, is **AMENDED**—Plaintiff must file his Opposition by June 16, 2023, and the Army must file its Reply, if any, by June 30, 2023.

   **SO ORDERED.**

Date:  June 5, 2023                                      ANA C. REYES
                                                        United States District Judge


## IV.  CONCLUSION AND ORDER

For these reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration, Dkt. 26; Plaintiff's Motion for Leave to Amend, Dkt. 28; and Plaintiff's Motion for Discovery, Dkt. 29.

It is further **ORDERED** that the existing briefing schedule governing Defendant's pending Motion for Summary Judgment, entered by this Court on March 1, 2023, is **AMENDED**—Plaintiff must file his Opposition by June 16, 2023, and the Army must file its Reply, if any, by June 30, 2023.

**SO ORDERED.**

Date:  June 5, 2023

ANA C. REYES
United States District Judge